## W. B. Fordtran v. South End Land Company

### Decided October 30, 1907.

**1.—Land Agent—Commissions—Set-Off.**

Where, in a suit by a land agent for commissions on sales made by him, it appears from plaintiff's petition that he is indebted to the defendant in a sum greater than the amount of the commissions, it is proper to deduct the amount of such commissions from the admitted indebtedness and to render judgment for the defendant.

**2.—Same—Resale.**

Where an agent is paid his commission upon a sale of land and the vendee sells the same land to a third party who pays the agent another commission, and by agreement between the first and second vendee the first vendee reconveys the land to the original vendor who then conveys it to the second vendee, the agent is not again entitled to a commission from the vendor.

Appeal from the District Court of Galveston County.  Tried below before Hon. G. W. Tharp, Special Judge.

*J. A. Gillette,* for appellant.—Notwithstanding appellant admitted in his pleading, as a credit due appellee, the sum of $275, appellee having denied, both in its answer and evidence, said admission, and the court having found as conclusions of fact an agreement to sell appellee's lots in Westmoreland Addition, and that under said agreement appellant had sold enough of said lots to entitle him to $180 commission, it was contrary to the law for the court to refuse to render judgment in appellant's favor against appellee for said amount, interest and costs of suit.

Appellant having been the means of getting the title to lots 19 and 20, in block 6, out of J. D. Bone and back into the South End Land Company, so as to enable it to sell said lots to W. L. Rogers, together with lot 18, in block No. 6, and the said Rogers having purchased said lots of said South End Land Company, through the efforts of appellant, he became entitled to five percent commission on said sale, amounting to $177, less the $55 paid him by said South End Land Company, and the court should have rendered judgment in his favor for the sum of $122.  Graves v. Bain, 78 Texas, 94.

*Fisher, Sears & Campbell,* for appellee.

NEILL, Associate Justice.—Appellant sued appellee on various items for commission on alleged sales of land made by him, and for some dirt which he claims to have excavated for defendant, the aggregate amount of his demands being $2,142.62, less three certain credits amounting to $275, and asked judgment for the balance, amounting to $1,867.62.  The defendant answered by a general denial, and pleaded specially certain matters which are unnecessary for us to state.  The case was tried by the court, without a jury, and the trial resulted in a judgment in favor of the defendant.

We shall only state such findings of fact and of law as are involved in this appeal.  The ninth finding of the court is as follows:

"I find that plaintiff made the sale to F. W. Vaughan of lots sixteen (16), seventeen (17) and eighteen (18), in block No. eight (8), and is entitled to $180 as his commission from the defendant, but he being justly indebted to the defendant in the sum of $275, as shown by his petition, I conclude as a matter of law that he is not entitled to recover anything."

Complaint is made by the first and second assignments of error that, as the court found that appellant had made the sale to Vaughan, and that there were $180 due him as commission thereon, it erred in not rendering judgment in his favor for that amount. This contention would be upheld were it not for the fact that the court, in connection with this finding, also found that the plaintiff was justly indebted to the defendant in the sum of $275, as shown by his petition. In view of this, the court's conclusion, as a matter of law, that plaintiff was not entitled to recover anything on this item, is unquestionably correct.

The third and fourth assignments of error complain of the court's not rendering judgment for plaintiff in the sum of $122, amount of commission claimed to be due him upon a sale to W. L. Rogers of lots nineteen (19) and twenty (20) in block No. six (6) of Westmoreland Addition to the city of Houston. The finding of the trial court in regard to this matter is as follows: "As to the claim of $122, in paragraph 2 of the exhibit to plaintiff's petition, I find that plaintiff sold lot eighteen (18) under this agreement, and was paid his commission. That lots nineteen (19) and twenty (20) were sold by the defendant to one J. D. Bone, and he sold the same to Rogers, Rogers paying plaintiff a commission therefor. That the property was conveyed back to the defendant so that its notes could be canceled, and it conveyed the same to Rogers, but in no wise made itself responsible to the plaintiff for any commission on the sale. That at Rogers' request, and as a mere matter of convenience, Bone conveyed the property back to the defendant, and it made a deed to Rogers, and with plaintiff's negotiating with Rogers and receiving compensation from him."

Under these findings the plaintiff was clearly not entitled to recover anything as commission on such sales.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.